# BROWN *v.* SCOTT.

An appeal is authorized from the judgment of a justice and not from the verdict of a jury.

The intention of a justice to render a judgment without doing so, is not a judgment.

The certificate of an ex-justice of the peace, in relation to his proceedings while in office, is not entitled to legal consideration.

*Error to Van Buren District Court.*

*Opinion by* KINNEY, J.　Brown sued Scott in an action of replevin, which on change of venue was tried before Joseph A. Kean, Esq.　The cause was tried by a jury, who found a verdict for the plaintiff.　Scott appealed.　Brown moved to dismiss the appeal, because there was no judgment of the justice of the peace before whom the cause was tried, from which the defendant could appeal.

The defendant therefore suggested a diminution of the record in this, that the transcript of the justice did not show a judgment upon the verdict.　A rule was obtained upon the justice and his successor in office, commanding them to send up to the district court their joint and several certificates, setting forth distinctly the judgment in the case.　In pursuance of this rule, John McCansland, Esq., the successor of said Kean, filed a transcript from the docket of said Kean, in which it appears, that there was not any judgment entered up by his predecessor in office, against the defendant Scott.　Kean in obedience to said rule, returns as follows: "In the above case, I, Joseph A. Kean the justice before whom the same was tried, do hereby certify, that I rendered judgment therein in accordance with the verdict of the jury, and that it does not appear on my docket and the transcript sent to the district court, arises from the fact, that it was a clerical omission of mine."

The motion to dismiss was then heard and overruled by the court, and the cause retained for trial, to which ruling Brown excepted and assigns the same for error.

Brown *v.* Scott.

This ruling of the court was erroneous. The statute in relation to jury trials before justices of the peace provides, that when the jurors have agreed on the verdict, they shall deliver the same to the justice publicly, who shall enter it on his docket. *Rev. Stat.* 325, § 15. It is then the duty of the justice of the peace to enter up judgment upon the verdict, against the unsuccessful party.

The statute also provides, that any person aggrieved by any judgment or decision of a justice of the peace, may make his appeal therefrom to the district court, &c.

A person cannot appeal from the verdict of a jury. In cases of jury trial where the verdict is really the cause of complaint, it is still the judgment of the justice upon the verdict, which alone under the statute, gives the party the right to appeal. If there is not any judgment, there is nothing to appeal from, nothing for the district court to try, no cause in court which entitles the appellant to a trial; and therefore, in such a case, unless an amended transcript supplies this fatal defect, the appeal on motion should be dismissed.

But the court in the case before us, appears to have adopted the certificate of Kean the justice, before whom the cause was tried, but who was not in office at the time of certifying, and by virtue of this certificate retained the appeal for trial.

From it, it would seem that the justice rendered judgment but failed to enter it in writing. We are at a loss to know how the justice could have rendered a judgment that would have any force or virtue, without rendering that judgment into proper form in the docket, which he is required by law to keep for that purpose. It is true, he might in his mind resolve upon entering the judgment, but unless put into shape and form, it would be as though no judgment at all had existed in the mind.

This certificate even if Kean had remained in office, should not have been received by the court. The *act* of the officer and not the *intention*, is what gives force and authority to judicial proceedings.

However much Kean may have intended to enter the judgment, if he did not do it, for the purposes of appeal it is the same as though no trial had taken place.    Officers cannot supply acts by will, nor give vitality to judgments which only existed in the mind.

But when Kean retired from office, his certificate in relation to former official proceedings, was not entitled to any more legal consideration or respect than if he had never been a justice of the peace, or than that of a mere stranger.   His docket by the statute, passed into the possession of his successor, and transcripts from it could not be explained, changed or in any way altered by the certificates of the justice who once entered them.

Judgment in the district court upon the trial of this case reversed, and the appeal dismissed.

Judgment reversed.

*A. Hall*, for plaintiff in error.

*Wright & Knapp*, for defendant.